UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 17-60144-CIV-MORENO**

DANIEL A. BRNA, RAMON FERNANDEZ
and JAMES E. SCOTT, on behalf of
themselves and all others similarly situated,

       Plaintiffs,

vs.

ISLE OF CAPRI CASINOS INC. and
INTERBLOCK USA, LLC,

       Defendants.

_____/

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT

THIS CAUSE came before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Certification of the Settlement Class ("Motion for Final Approval") [DE 76], filed on January 26, 2018 and Plaintiffs' Unopposed Motion and Application for Attorney's Fees and Costs and Incentive Awards ("Motion for Fees and Incentive Awards") [DE 75] filed on January 12, 2018. The Court having considered the motions, the record, and being otherwise fully advised in the premises, it is

**ORDERED** and **ADJUDGED** as follows:

1.    On November 17, 2017, this Court preliminarily approved the Settlement Agreement dated September 22, 2017 ("Settlement Agreement") between Plaintiffs, Daniel A. Brna and James E. Scott (collectively "Plaintiffs"), and Defendants, Isle of Capri Casinos, LLC ("IOC") and Interblock USA LLC ("Interblock") (collectively "Defendants") that provides for direct monetary relief to a class of casino patrons who placed a winning buy bet on electronic

1

gaming machines that were manufactured by Defendant Interblock and were available for play at Defendant IOC in Pompano Park from July 8, 2015 to January 22, 2017. (D.E. 73) In accordance with the Settlement Agreement and the Court's preliminary approval order, the Settlement Administrator provided Notice to eligible class members.

2.     In connection with the final approval process, a final approval hearing was duly noticed and the Court has considered: (a) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate to the Settlement Class; (b) whether final judgment should be entered dismissing the Plaintiffs' claims on the merits and with prejudice, including the claims of Settlement Class Members who have not requested exclusion; and (c) whether and in what amount to award attorney's fees and costs to Class Counsel and service awards to the Plaintiffs. At this juncture, the Court is "not called upon to determine whether the settlement reached by the parties is the best possible deal, nor whether class members will receive as much from a settlement as they might have recovered from victory at trial." *See Gevaerts v. TD Bank, N.A.,* 2015 WL 6751061, *5 (S.D. Fla. Nov. 5, 2015). Rather, as this Court has previously recognized, the objective at this final-approval stage is simply to ensure that the class action settlement terms are "fair, reasonable, and adequate." *See Circeo-Loudon v. Green Tree Servicing,* 2016 WL 8256853, *1 (S.D. Fla. Aug. 30, 2016) (Moreno, D.J.); *Almanzar v. Select Portfolio Servicing, Inc.,* 2016 WL 1169198, *1 (S.D. Fla. Mar. 25, 2016) (Moreno, D.J.); *Hall v. Bank of America, N.A.,* 2014 WL 7184039, (S.D. Fla. Dec. 17, 2014) (Moreno, D.J.); *see also In re: Takata Airbag Products Liability Litigation,* 2017 WL 5706147, *3-4 (S.D. Fla. Nov. 1, 2017) (Moreno, D.J.), *appeal pending sub nom., Budgen v. FAC US LLC,* No. 17-15382 (11th Cir. filed Nov. 28, 2017).

3.     For the reasons set forth herein, the Motion for Final Approval is hereby

**GRANTED**.

4.      If not defined, all capitalized terms herein shall have the meaning given to them in the Settlement Agreement.

5.      The Court has evaluated the following six factors in resolving this motion:

(1)      The existence of fraud or collusion among the parties in reaching the settlement;

(2)      The complexity, expense and duration of the litigation;

(3)      The stage of proceedings at which the settlement was achieved and the amount of discovery completed;

(4)      The probability of the plaintiffs' success on the merits;

(5)      The range of possible recovery; and

(6)      The opinions of class counsel, the class representatives, and the substance and amount of opposition to the settlement.

*See Wilson v. EverBank*, 2016 WL 457011, *6 (S.D. Fla. Feb. 3, 2016), *citing, Leverso v. S. Trust Bank of Ala., N.A.* 18 F. 3d 1527, 1630 n.6 (11th Cir. 1994).

6.      The Court finds that the Settlement reached in this case was the product of significant give-and-take by both sides and was negotiated at arm's length with the benefit of both extensive discovery having been completed and a mediator overseeing the negotiations. This case was mediated by Rodney Max, who is not only well known for mediating class actions but who has been recognized in this district as "probably one of the top mediators in the country." *Lee v. Ocwen Loan Servicing, LLC*, 2015 WL 5449813, *11 (S.D. Fla. Sept. 14, 2015). His involvement serves to reject any notion that a resulting settlement was the product of collusion. *Id.*; *accord Wilson, supra* at *6 (recognizing Rodney Max as a "nationally renowned mediator" whose very involvement weighs in favor of settlement approval); *Curry v. AvMed,*

*Inc.,* 2014 WL 7801286, *2 (S.D. Fla. Feb. 28, 2014) (favorably observing that class settlement negotiations were "presided over by the highly experienced third-party neutral Rodney A. Max"); *Saccoccio, supra* at 692 (also finding no collusion when case was mediated by Rodney Max).

7. Further, counsel for the parties were well-positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law. The Settlement Agreement was reached after all critical discovery had been completed and dispositive motions had been filed. In other words, the parties settled at a point in time when they had obtained and evaluated the relevant evidence and were well-informed of the risks going forward versus the benefits of settling.

8. For settlement purposes, the Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 (a) and 23(b) have been satisfied in that (a) the number of class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Class Counsel have and continue to fairly and adequately represent the interests of the Settlement Class for purposes of settlement; (e) the questions of law and fact common to the Settlement Class predominate over individual questions; (f) the Settlement Class is reasonably ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of this controversy.

9. Pursuant to Fed. R. Civ. P. 23, the Court finally certifies the Settlement Class for settlement purposes only, as identified in the Settlement Agreement, which shall consist of the

following:

> All Fan Club members who played the game of craps on Interblock's Organic Dice machines at IOC's Pompano Park casino during the Class Period and who placed and won a Buy Bet while playing craps. Excluded from the Settlement Class are (a) officers, directors, and employees of IOC, Interblock and their parents and subsidiaries; and (b) judicial officers and employees of the Court.

The Class Period is July 8, 2015 to January 22, 2017, inclusive.

10.    The Court finally designates Cristina M. Pierson of the law firm of Kelley Uustal PLC and Daren Stabinski of the law firm Daren Stabinski, P.A. as Class Counsel in this case. Class Counsel have vigorously represented the Settlement Class Members' interests in the Lawsuit, are qualified to serve, and have substantial knowledge of the facts and claims involved herein. In addition, the Court finally designates Plaintiffs, Daniel A. Brna and James E. Scott, as Class Representatives in this Lawsuit.

11.    The Court makes these findings with respect to Settlement Notice to the eligible class members:

11.1    The Court finds that the distribution of the Settlement Notice, Claim Form, and the creation of the Settlement website, all as provided for in the Settlement Agreement and preliminary approval order (i) constituted the best practicable notice under the circumstances that was reasonably calculated to apprise Settlement Class Members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Fairness Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (iii) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and other applicable law.

11.2    Class Counsel has filed with the Court a Declaration from JND Legal

Administration, the independent third-party Settlement Administrator for the Settlement, establishing the Settlement Notice and Claim Form were delivered by email and mail to the class members on November 27, 2017 and December 4, 2017, the Settlement website was established on November 27, 2017, and Claim Forms were also available electronically on the website. Adequate notice was given to the Settlement Class Members in compliance with the Settlement Agreement and the preliminary approval order.

12.     Persons who wished to be excluded from the Settlement were provided an opportunity to request exclusion as described in the Settlement Notice and on the Settlement website. The Court finds that the individual interests of the two (2) persons who sought exclusion from the Settlement Class are preserved and that no person was precluded from being excluded if he or she so desired.

13.     Defendants have complied with all notice obligations under the Class Action Fairness Act, 28 U.S.C. §§ 1715, *et seq.,* in connection with the proposed Settlement.

14.     Persons who wished to object to the Settlement were given an opportunity to submit a written objection or submit a written notice informing the Court of their desire to speak at the Fairness Hearing. The Court finds that no persons submitted such objections or notices, which further establishes that the proposed Settlement is fair, reasonable, adequate, and should be approved.

15.     Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Settlement is fair, reasonable and adequate. The Court enters judgment finally approving and adopting the Settlement and Settlement Agreement, and dismissing with prejudice the claims of the Plaintiffs and Settlement Class Members in this Lawsuit, with the parties to bear their own costs and

attorneys' fees, except as provided herein or in the Settlement Agreement.

16.    Plaintiffs' Motion for Fees and Costs is hereby **GRANTED**.  The Court awards Class Counsel attorneys' fees and expenses in the amount of one hundred and fifty-five thousand dollars ($155,000) payable by Defendants pursuant to the terms of the Settlement Agreement. The Court finds the awards of $124,178.60 in fees and $30,821.40 in costs are fair and reasonable in light of all circumstances as detailed in the Motion for Fees and Incentive Awards. Defendants shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

17.    The Court also awards and finally approves incentive awards in the amount of $2,500 to Plaintiff Daniel A. Brna and $2,500 to Plaintiff James E. Scott, payable by Defendants pursuant to the terms of the Settlement Agreement.

18.    The terms of the Settlement Agreement and of this Final Judgment shall be forever binding on, and shall have res judicata and preclusive effect in and on, all claims and lawsuits maintained by Plaintiffs and/or each Settlement Class Member who did not timely and properly exclude himself or herself from the Class, as well as each of their respective heirs, beneficiaries, administrators, successors, and assigns. The Releases and Covenant not to Sue, which are set forth in the Settlement Agreement, are expressly incorporated herein in all respects, and are effective as of the entry of this Final Judgment. The Releasees are forever released, relinquished, and discharged by the Plaintiffs and all Settlement Class Members from all Released Claims (as that term is defined in the Settlement Agreement).  The Court further enjoins the Plaintiffs and all Settlement Class Members from authorizing, asserting, filing, maintaining, or prosecuting any of the Released Claims in the future.

19.     The parties are directed to implement and consummate the Settlement Agreement according to its terms and provisions, as may be modified by the Orders of this Court.   Upon the deadlines set forth in the Settlement Agreement, Defendants shall make all payments of Valid Claims, incentive awards, attorneys' fees and costs pursuant to the Settlement Agreement.

20.     Neither this Order and Final Judgment, the Settlement Agreement, nor any of the negotiations, documents or proceedings connected with them, shall be offered or received against Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to or for any other reason as against any of the Defendants, in any legal proceeding, other than such proceedings as may be necessary to enforce the Settlement Agreement or to support a defense or counterclaim based on principles of issue and claim preclusion.

21.     Without impacting the finality of this Final Judgment, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement and this Final Judgment, including jurisdiction to enter such further orders as may be necessary or appropriate.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ of February 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record